IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL DOERR,** : | |
| : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:19-CV-0040 |
| v. : | |
| : | (Judge Caputo) |
| **COMMONWEALTH OF PA,** *et al.,* : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

**I.    Introduction**

Petitioner, Daniel Paul Doerr, an inmate confined at the Benner Township State Correctional Institution (SCI-Benner Township), in Bellefonte, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a 2014 conviction imposed by the Jefferson County Court of Common Pleas. (ECF No. 1). Named as respondents are the Commonwealth of Pennsylvania and the Pennsylvania State Attorney General. Mr. Doerr has requested to proceed *in forma pauperis*. (ECF No. 2.) For the reasons outlined below, Mr. Doerr's application for *in forma pauperis* status will be granted and his petition will be transferred to the United States District Court for the Eastern District of Pennsylvania.

**II.    Discussion**

In states with two or more federal judicial districts, a state prisoner may file a habeas petition in one of two federal district courts: (1) the federal judicial district where the prisoner is in custody; or (2) the federal judicial district where the state court of conviction is located. 28 U.S.C. § 2241(d). Each of those districts have "jurisdiction to

entertain the petition." *Id.* Section 2241(d), however, also provides that a district court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d). Additionally, 28 U.S.C. § 1404 vests a district court with the authority to transfer any civil action, "for the convenience of the parties and witnesses, in the interest of justice," to any district where the action might have been brought. 28 U.S.C. § 1404(a).[1]

In this case, Mr. Doerr is currently incarcerated at SCI-Benner Township, in Centre County, which is within the territorial boundaries of the Middle District of Pennsylvania. In his petition, Mr. Doerr challenges the validity of his conviction which was obtained in the Jefferson County Court of Common Pleas, which is located within the territorial boundaries of the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118. Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, the Court will transfer this action to the Eastern District.

With regards to Mr. Doerr's motion to proceed *in forma pauperis* (ECF No. 2), as of November 1, 2018, his available account balance was $0.20. As such, his motion to proceed *in forma pauperis* will be granted.

An appropriate order follows.

**Date: April 29, 2019**          /s/ A. Richard Caputo
                                   **A. RICHARD CAPUTO**
                                   **United States District Judge**

---

[1] Because habeas proceedings are generally considered civil in nature, *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987), the term "civil action" includes habeas petitions. *Parrott v Government of Virgin Islands*, 230 F.3d 615, 683 (3d Cir. 2000).